# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| COREY OVERBEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:18CV53 HEA |
| GABRIEL YODER, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff, Corey Overbey, an inmate at the Cape Girardeau County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal case against plaintiff arising out of the same facts.

## Background

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth Amendment rights against illegal search and seizure. He states that on September 9, 2017[1], he was arrested and accused of tampering with his friend's car[2] without his permission and

---

[1] In *State v. Overbey*, No. 17CG-CR01703-01 (32nd Judicial Circuit, Cape Girardeau County), the Information states that the date of the occurrence was October 9, 2017.

[2] In the complaint, plaintiff asserts that he had permission to drive his friend's vehicle. However, at the time of the incident, plaintiff's license to drive in the State of Missouri was revoked. Additionally, although plaintiff states in the complaint that he did not threaten the acquaintance

threatening another acquaintance with an automatic weapon after getting into a verbal altercation with the acquaintance.

Plaintiff asserts that the officer who arrested him, Gabriel Yoder, from the City of Cape Girardeau Police Department, coerced plaintiff's friend and the acquaintance into lying about what occurred and giving false evidence against him. Thus, plaintiff asserts that there was a lack of probable cause to arrest him and he is being held in violation of the Fourth Amendment.[3]

On October 11, 2017, a complaint, with an accompanying probable cause statement signed by defendant Yoder, was filed against plaintiff in Cape Girardeau County Court. Plaintiff was initially charged with stealing a vehicle, tampering with a motor vehicle, stealing a firearm, unlawful possession of a firearm and unlawful use of a weapon. At the preliminary hearing on the matter the Court dismissed the claim of stealing the firearm from the complaint, but the Court held plaintiff over for custody. An Information was filed against plaintiff on November 8, 2017. *State v. Overbey*, No. 17CG-CR01703-01 (32nd Judicial Circuit, Cape Girardeau County). Plaintiff is currently charged with tampering with a motor vehicle, unlawful possession of a firearm, and unlawful use of a weapon.

Plaintiff brings this § 1983 action, alleging defendant Gabriel Yoder violated his Fourth Amendment right to be free of an unreasonable seizure without probable cause. Plaintiff also asserts that prosecuting attorneys Angel Woodruff and Chris Limbaugh conspired with defendant Yoder to violate plaintiff's rights; and defendants City of Cape Girardeau and County of Cape

---

with the automatic weapon, he allegedly admitted to living in the same home as the individual who owned the weapon, despite being a convicted felon.

[3]Plaintiff also claims that at the time defendant Yoder came to arrest him, Yoder falsely told him that there was a warrant for his arrest in Illinois. Plaintiff asserts that once plaintiff was ensconced at the police station, Yoder admitted that there was no warrant.

Girardeau fail to train police officers in proper investigation techniques and allow officers to pursue cases without probable cause. Finally, plaintiff asserts a state law claim of intentional infliction of emotional distress against the defendants. For relief, plaintiff seeks an injunction and monetary relief.

**Discussion**

In *Wallace v. Kato,* the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace*, 549 U.S. at 397. The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Here, plaintiff does not specifically assert a claim for false arrest, but asserts § 1983 claims for illegal seizure, conspiracy, and a state law claim of intentional infliction of emotional distress. These claims relate to rulings that "will likely be made in a pending or anticipated criminal trial." *Id.* The principles of *Wallace v. Kato* dictate that further consideration of

plaintiff's § 1983 claims should be stayed until the underlying criminal matter against plaintiff has been resolved through criminal proceedings. *See, e.g., Vonneedo v. Dennis*, No. 1:17-CV-183 NAB, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (staying § 1983 case alleging unconstitutional search and seizure under principles articulated in *Wallace v. Kato*); *Anderson v. Robinson*, No. 4:12-CV-967 CAS, 2013 WL 4502598, at *1 (E.D. Mo. Aug. 22, 2013) (same).

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[4]

---

[4]After payment of the initial partial filing fee, the prisoner is required to make monthly payments

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal charges pending against plaintiff in *State v. Overbey,* No. 17CG-CR01703-01 (32nd Judicial Circuit, Cape Girardeau County).

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in *State v. Overbey,* No. 17CG-CR01703-01 (32nd Judicial Circuit, Cape Girardeau County).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against plaintiff, and may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction [Doc. #4] is **DENIED** at this time.

Dated this 16th day of March, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).