UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| COREY OVERBEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-CV-0053 HEA |
| GABRIEL YODER, et al., | ) ) ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

Before the Court is plaintiff's motion to reopen this matter, as well as his motion to waive the initial partial filing fee. After review of plaintiff's motions, as well as judicial records relating to plaintiff's state court criminal matters, the Court will decline to reopen the present action. Moreover, plaintiff's request to waive the $1.00 initial partial filing fee will be granted.

### Background

Plaintiff filed this action on March 14, 2018, pursuant to 42 U.S.C. § 1983, alleging violations of his Fourth Amendment rights. Plaintiff asserted that he was being falsely imprisoned and maliciously prosecuted for the alleged crime of tampering with his friend's car[1] without his permission and threatening another acquaintance with an automatic weapon after getting into a verbal altercation with the acquaintance. Plaintiff additionally asserted that the prosecutors in the case, Angel Woodruff and Chris Limbaugh, assisted Officer Yoder in falsely

---

[1] In the complaint, plaintiff asserts that he had permission to drive his friend's vehicle. However, at the time of the incident, plaintiff's license to drive in the State of Missouri was revoked. Additionally, although plaintiff states in the complaint that he did not threaten the acquaintance with the automatic weapon, he allegedly admitted to living in the same home as the individual who owned the weapon, despite being a convicted felon.

accusing plaintiff and imprisoning him on these charges. Plaintiff's claims in this lawsuit included: lack of probable cause; false arrest; false imprisonment; and malicious prosecution.[2]

Prior to this case being filed, an underlying criminal case was filed against plaintiff in Missouri State Court. In that case, plaintiff was charged with tampering with a motor vehicle, unlawful possession of a firearm, and unlawful use of a weapon. *State v. Overbey*, No. 17CG-CR01703-01 (32nd Judicial Circuit, Cape Girardeau County).

Based on the pendency of the underlying criminal cases against plaintiff that arose out of the same facts, the Court stayed the § 1983 action pursuant to *Wallace v. Kato,* 549 U.S. 384 (2007). At the time it stayed the present action, plaintiff had not yet pled guilty or been sentenced to the underlying state crime. Plaintiff was instructed that he could seek to reopen the present matter after culmination of the underlying state case. The Court has reviewed the pendency of the state criminal proceedings on Missouri.Case.Net and found that the proceedings are still ongoing. Jury trial in plaintiff's criminal proceedings is currently scheduled for July 30, 2018. *State v. Overbey*, No. 17CG-CR01703-01 (32nd Judicial Circuit, Cape Girardeau County).

**Discussion**

Plaintiff admits in his motion to reopen that his state criminal proceedings are still ongoing, but he claims that this Court must intervene in the criminal proceedings because he believes his rights are being violated in his state proceedings. Plaintiff has not indicated exactly how he believes his rights are being violated, and there is no indication that his criminal attorney cannot bring his claims to the state court Judge currently assigned to his criminal action.

---

[2] Plaintiff also asserts that defendants City of Cape Girardeau and County of Cape Girardeau fail to train police officers in proper investigation techniques and allow officers to pursue cases without probable cause.

Moreover, this Court is authorized to issue writs of mandamus or other extraordinary writs only in aid of its jurisdiction, either existing or potential. *See* 28 U.S.C.A. § 1651(a); *Middlebrooks v. Thirteenth Judicial Dist. Circuit Court, Union County,* 323 F.2d 485, 486 (8th Cir.1963). And this Court has no jurisdiction over plaintiff's state court action.

The Court has already explained to plaintiff that his § 1983 claims for relief against defendants must be stayed pending the outcome of his criminal proceedings and post-conviction relief. And if plaintiff is convicted in his criminal proceedings, plaintiff will not be able to seek damages in this action against the current defendants for violations of his constitutional rights. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). Furthermore, to the extent plaintiff can be understood to ask this Court to dismiss, enjoin, or otherwise intervene in his ongoing state criminal proceeding, his claims are barred under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). See also, *Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010) ("[F]ederal courts may not enjoin pending state court criminal proceedings absent a showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief."). As such, plaintiff's request to reopen this matter must be denied.

The Court will, however, grant plaintiff's request to waive the initial partial filing fee of $1.00 given his negative account balance in his prisoner account at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reopen this matter [Doc. #7] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to waive the initial partial filing fee of $1.00 [Doc. #6] is **GRANTED**. Plaintiff will not be required to pay a filing fee in this action at this time.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal charges pending against plaintiff in *State v. Overbey,* No. 17CG-CR01703-01 (32nd Judicial Circuit, Cape Girardeau County).

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in *State v. Overbey,* No. 17CG-CR01703-01 (32nd Judicial Circuit, Cape Girardeau County).

**IT IS FURTHER ORDERED** that this case will remain **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against plaintiff, and may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition of his criminal action, as well as all appeal and post-conviction proceedings.

Dated this 17th day of April, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE